COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

April 28, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RAYMOND WARREN SWOFFARD, | ) | C/A NO. 03A01-9707-CV-00454 |
| | ) | |
| Respondent-Appellee, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | APPEAL AS OF RIGHT FROM THE |
| | ) | HAMILTON COUNTY CIRCUIT COURT |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| JUANITA S. DEL PINO-McCLARTY, | ) | |
| | ) | HONORABLE ROBERT M. SUMMITT, |
| Petitioner-Appellant. | ) | JUDGE |


For Appellant                           For Appellee

MITCHELL A. BYRD                        PAMELA R. O'DWYER
Chattanooga, Tennessee                  Paty, Rymer & Ulin, P.C.
                                        Chattanooga, Tennessee


O P I N I O N


AFFIRMED IN PART
REVERSED IN PART
REMANDED                                            Susano, J.

This appeal was taken from orders entered following two post-divorce hearings. The parties were divorced in 1985. The current round of litigation began on October 8, 1996, when Juanita S. Del Pino-McClarty, the former Mrs. Swoffard,[1] filed a petition for contempt and for modification of the parties' 1985 divorce judgment. Mr. Swoffard responded with his own counterclaim for relief. The trial court granted partial relief to both of the parties. Ms. McClarty appealed, arguing (1) that the trial court erred in setting child support; (2) that the trial court erred in awarding Mr. Swoffard a money judgment for his overpayment of federal income taxes caused by Ms. McClarty's failure to sign the necessary tax forms to give him the tax exemptions for the parties' two children; (3) that the court erred in allowing Mr. Swoffard to testify as to the amount of his overpayment of federal income taxes; and (4) that the trial court erred in offsetting Mr. Swoffard's child support arrearage to Ms. McClarty against the amount she owed him for his overpayment of federal income taxes.

Following the first hearing on March 4, 1997, the trial court entered an order on April 15, 1997, decreeing that Mr. Swoffard would pay Ms. McClarty monthly child support of $858 for the parties' one remaining minor child, but only during the months of September through May, when the child was living with her mother. That award was made retroactive to October 8, 1996, the date on which Ms. McClarty filed her petition. In the same order, the trial court directed Ms. McClarty to pay Mr. Swoffard $745 per month as support for the child during the months of June

---

[1]We will refer to this party as Ms. McClarty -- the way she was referred to in the lower court.

through August, when the child would be living primarily with her father. Finally, as relevant here, the order provides as follows:

> This cause is reset on the Court's docket for May 20, 1997, at which time the Court will consider the issue of [Ms. McClarty's] contempt for her failure and refusal to allow [Mr. Swoffard] to claim the children as deductions on his income tax returns in accordance with the Marital Dissolution Agreement incorporated into the Final Judgment entered on August 26, 1985.

Pursuant to the order of April 15, 1997, a second hearing was held on May 20, 1997. At the second hearing, the court focused on the contempt issue and also on the question of Mr. Swoffard's child support arrearage that had then accumulated under the April 15, 1997, order.

A second order was entered on June 27, 1997, memorializing the hearing of May 20, 1997. In that order, the trial court found a child support arrearage of $2,322. In the same order, the trial court also found as follows:

> From all of which the Court finds that the original agreement of the parties incorporated into the Final Judgment entered on August 26, 1985, had been violated by the defendant's failure and refusal to facilitate that order by execution of the appropriate documents required by the Internal Revenue Service. Though defendant's failure and refusal in that regard was not willful, it did result in a loss to the plaintiff in the amount of $8,182.00.

The second order offsets Mr. Swoffard's child support arrearage

3

of $2,322 against the $8,182 found to be due Mr. Swoffard from Ms. McClarty. The second order then decrees a money judgment in Mr. Swoffard's favor for the net of $5,860.

By her first issue, Ms. McClarty argues that the trial court failed to set the parties' respective child support obligations in compliance with the Child Support Guidelines promulgated by the Department of Human Services pursuant to the provisions of T.C.A. § 36-5-101(e). As previously indicated, this issue was addressed by the trial court at the first hearing on March 4, 1997. The record before us does not include a transcript or statement of the evidence from that first hearing.[2] We cannot undertake a *de novo* review under Rule 13(d), T.R.A.P., of a trial court's decision based on factual findings without a record of the evidence introduced at that hearing. "[W]e must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." **Sherrod v. Wix**, 849 S.W.2d 780, 783 (Tenn.App. 1992). Ms. McClarty's first issue is found adverse to her.

Ms. McClarty next argues that the trial court erred in awarding Mr. Swoffard a money judgment against her for $8,182. We find no error in this award.

The parties' agreement, which was incorporated into their divorce judgment, provides as follows:

---

[2]We do have a transcript of the second hearing.

4

Husband shall be entitled to claim the dependency allowance for Rakel Camile Swoffard, female age 7, and Tiffany Brooke Swoffard, female age 4.

> Husband shall be entitled to the child care
> tax credit.

The trial court found that Ms. McClarty failed and refused to sign the necessary IRS forms to enable Mr. Swoffard to take the exemptions for his then-two minor children for 1986 and for the years 1988-1993, inclusive. The court determined that her refusal to sign the necessary forms had resulted in Mr. Swoffard overpaying his taxes for those six years by a total of $8,182.

Ms. McClarty argues that a change in the Internal Revenue Code after the parties' divorce in some way "trumps" the divorce judgment's provision with respect to the dependency exemptions associated with the parties' two children. She calls our attention to the printed instructions on an IRS Form 2120 -- a "Multiple Support Declaration" Form -- in the record. We have carefully read these instructions. There is nothing in the instructions which would prevent Ms. McClarty from fully complying with the divorce judgment's provision with respect to the children's dependency exemptions. Furthermore, we do not agree with her argument that the subject provision does not apply to the years in question because, so the argument goes, the provision does not provide for how long it would be in effect. As we read the provision, it would apply to all years in which the children's dependency exemption could be claimed by their parents. The second issue raised by Ms. McClarty is found to be without merit.

Ms. McClarty also argues that the trial court erred in allowing Mr. Swoffard to testify about the overpayment of taxes

6

caused by his former wife's failure to sign the necessary IRS form in each of the six relevant years. We find no error in this. Mr. Swoffard is a school principal, whose background is in mathematics. He testified that he made these calculations based on his mathematical background and his income tax returns in the relevant years, which returns were initially prepared by him. The fact that his accountant checked his figures and found them to be correct does not detract from the fact that Mr. Swoffard made the overpayment calculations himself. This was his testimony, and it was admissible. The question of whether he correctly made these calculations[3] went to the weight to be given his testimony rather than to its admissibility. The accountant's involvement does not convert Mr. Swoffard's testimony into inadmissible hearsay. The trial court did not abuse its discretion in receiving Mr. Swoffard's testimony on this subject.

The trial court offset Ms. McClarty's judgment for child support arrearage against what she owed Mr. Swoffard for the excess federal income taxes paid by him as a result of Ms. McClarty's failure and refusal to sign the necessary tax forms. We find this to be error. *See* **Oliver v. Oczkowicz**, 1990 WL 64534 (Court of Appeals at Nashville, May 18, 1990). As we said in **Oliver**, "[t]o allow a set-off under these circumstances would amount to requiring the children to pay the debts of the custodial parent." 1990 WL 64534 at *2. While the arrearage is payable to Ms. McClarty -- the debtor with respect to the overpayment of federal income tax -- it is for the benefit of the

---

[3]The calculations were simple in nature. Mr. Swoffard knew what he paid without the exemptions. He could calculate what he would have paid with the exemptions by following the relatively simple instructions on the fist two pages of his Form 1040.

parties' minor child. *See **Rutledge v. Barrett***, 802 S.W.2d 604, 607 (Tenn. 1991).

The judgment of the trial court awarding Mr. Swoffard a judgment against Ms. McClarty for $5,860 is reversed. In all other respects the judgment of the trial court is affirmed. This case is remanded to the trial court for the entry of an order awarding separate money judgments -- one for Mr. Swoffard in the amount of $8,182, and one in favor of Ms. McClarty for $2,322. Costs on appeal are taxed one-third to Mr. Swoffard and two-thirds to Ms. McClarty.

_____
Charles D. Susano, Jr., J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Herschel P. Franks, J.

8